FILED

**NOT FOR PUBLICATION**

MAR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMEN RABB, | No. 13-55057 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-05110-JAK-JPR |
| v. | |
| STU SHERMAN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 7, 2016[**]
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Damen Rabb appeals from the district court's order denying his habeas

corpus petition after he was convicted of two counts of carjacking and two counts

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of second degree robbery. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Rabb claims that the state trial court violated his right to confront two witnesses by improperly allowing them to assert the privilege against self-incrimination. The California Court of Appeal denied this claim, determining that one witness's invocation of the privilege was adequately supported by concerns over an unrelated murder case, and that the other's invocation of the privilege, although inadequately supported by the record, was nonetheless harmless given the strength of the evidence against Rabb. In both instances, the California Court of Appeal reasonably applied clearly established law. 28 U.S.C. § 2254(d). As for the first witness, it was reasonable for the Court of Appeal to uphold the trial court's decision on the grounds that the witness's testimony could be used against him in the penalty phase of his murder trial. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951). As for the second witness, there was ample evidence against Rabb such that any error in allowing the witness to invoke the privilege did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). This evidence included a statement by a co-perpetrator implicating Rabb, an officer's testimony identifying Rabb as a suspect who fled from him after he pulled over the vehicle

used to commit the crime, and a statement from Rabb's girlfriend that Rabb had borrowed the car used to commit the crime.

The California Court of Appeal also reasonably concluded that Sergeant Banuelos's testimony about statements made by the two witnesses did not violate Rabb's Confrontation Clause rights. The right to confront non-testifying witnesses is triggered when the court admits hearsay statements that are testimonial in nature. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Here, the trial court admitted statements made by the victims just fifteen minutes after the carjacking, while some perpetrators were still potentially armed and fleeing in a stolen car. The California Court of Appeal reasonably determined that the statements were directed to an ongoing emergency, not to a future prosecution, and thus they were nontestimonial. *See, e.g.*, *Michigan v. Bryant*, 562 U.S. 344, 377-78 (2011). Because the Confrontation Clause only guarantees defendants the right to confront witnesses when testimonial hearsay is introduced, Rabb's claim fails.

We decline to address the two uncertified questions presented in Rabb's opening brief as Rabb has not shown that those issues were properly raised below. Ninth Circuit Rule 22-1(e).

**AFFIRMED.**